# New York, Chicago and St. Louis Railroad Company et al. *v.* Reilley.

[No. 7,334. Filed December 5, 1911.]

1. CARRIERS.—*Passengers.*—*Railroads.*—*Stations.*—*Defects.*—Where a complaint alleged that defendant railroad companies negligently removed a platform from in front of their station-house, that they negligently excavated the earth from underneath such station-house and along the edge of their platform, by reason of which the plaintiff in stepping from the station-house fell, to her damage, answers to interrogatories to the jury that the defendants removed a board platform from in front of the waiting room and had placed a cinder platform in its place, that the plaintiff, ignorant of any defect therein stepped from the door of the station-house onto such cinder platform, that her foot and leg went below the surface of the cinder platform to about four inches above the knee, but did not go straight down but passed under the sill of the building, are not in irreconcilable conflict with a verdict for the plaintiff. pp. 27, 30.

2. TRIAL.—*Verdict.*—*General.*—A general verdict for the plaintiff imports a finding in the plaintiff's favor on every material and issuable fact. p. 30.

3. TRIAL.—*Verdict.*—*Interrogatories.*—The answers to the interrogatories to the jury control the general verdict only when they

are in irreconcilable conflict therewith under any state of facts provable within the issues. p. 30.

4. TRIAL.—*Verdict.*—*Presumptions.*—All reasonable presumptions are made in favor of the general verdict, and none against it. p. 30.

5. CARRIERS.—*Passengers.*—*Stations.*—*Platforms.*—*Joint Liability for.*—One defendant railroad company cannot escape liability for defects in a platform jointly used, on the ground that it did not construct the platform, where the evidence shows that it had control over such construction. p. 31.

6. TRIAL.—*Interrogatories.*—*Conflict.*—Conflicting answers to interrogatories to the jury nullify one another. p. 32.

From Laporte Superior Court; *Harry B. Tuthill,* Judge.

Action by Mary A. Reilley against the New York, Chicago and St. Louis Railway Company and another. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Walter Olds* and *John H. Clarke,* for appellants.
*Peter Crumpacker* and *F. C. Crumpacker,* for appellee.

FELT, C. J.—This was an action for damages for personal injuries, alleged to have been caused by the negligence of appellants. Trial by jury. Verdict for $2,500 on which the judgment was rendered, from which this appeal was taken.

Several errors are assigned, but the one presented and relied on for reversal is the joint motion of appellants that the court erred in overruling the motion for judgment on the answers to the interrogatories notwithstanding the general verdict.

The substance of the answers to interrogatories hereinafter set out indicate the facts charged in the complaint with sufficient accuracy for the purposes of this opinion, except the particular charge of negligence which states that appellants and each of them "negligently removed said wooden platform or covering in front of said doors, and negligently excavated, and had each negligently permitted to be excavated and taken away, the soil and earth from underneath said depot and along the edge of said platform, way and walk, to the depth of two

or three feet, and negligently took away said wooden plat-
form from in front of said doors, and negligently removed
the curbing and lateral support from said cinders and plat-
form, and negligently left said walk, way and platform
along the side of said depot nearest to said railroad track
unsafe and dangerous, and wholly unsupported laterally
along the side of said depot;'' that in going into said sta-
tion appellee did not discover, nor could she by ordinary
care and diligence have discovered, the dangerous condition
of said walk and platform, and did not know thereof at the
time; that in passing out of said station she stepped from
the door upon said cinder platform and it ''gave way under
her foot, permitting her foot and limb to go down into said
excavation underneath said building, and throw her vio-
lently to the surface of said platform;'' that her back, spinal
cord, body and limbs were thereby wrenched, sprained and
severely injured, all on account of the negligence aforesaid.
The facts found by the jury in answer to interrogatories,
so far as material here, show that the platform at appel-
lants' station in Hammond, Indiana, was constructed of
cinders and sand; that the bottom portion of the building
at the outer edges consisted of a sill eight inches square
into which joists were mortised; that the sill of the door
through which appellee passed was two or two and one-half
inches thick, and set into the sill on a level with the floor of
the waiting room; that the cinder platform extended up to
the building, and the surface thereof was at least four
inches above the bottom of the sill; that on July 8, 1907,
and for a long time prior thereto, there was in front of the
door to the waiting-room of the station a board platform,
which had been nailed to the sill; that immediately after
12.30 o'clock p. m. on said day said platform was removed,
and the distance from the top of the sill to the top of the
cinder platform was four and one-half inches; that the train
appellee came to the station to take was due at 12.58 o'clock

p. m.; that prior to the departure of said train on said day the south side of said waiting-room next to the tracks had not been raised from its foundations, but the north side had been raised six or eight inches; that the ground under said building and platform was sand, and the sills rested upon posts; that on said day and prior thereto the ground in front of said building, and for a distance of ten feet eastward from the southwest corner of said building, was practically on a level with the bottom of the south sill, but that the ground underneath the southwest corner of waiting-room sloped north from the inside edge of the sill to the center of the building; that appellee came to the station to take said train about ten minutes before it was due, and entered the waiting-room through the door nearest the southwest corner thereof; that when plaintiff entered said waiting-room the slat platform had been removed from in front of the door, and was not there when she passed out to take said train, but no other changes had been made "at or in front of the door" through which she passed, and there was no hole in front of said door and adjacent to the building; that ten or twelve persons passed out of said waiting-room through the same doorway that plaintiff used on that occasion; that neither of the appellants had knowledge of any defects in any portion of the cinder platform in front of the waiting-room at any time prior to appellee's accident; that appellants' employes began work on said building on the morning of July 8, 1907, preparatory to moving it, but prior to the departure of the train upon which appellee took passage no work was done on the south side, except to remove said slat platform from in front of the door; that appellee's foot and limb went below the surface of the cinder platform to about four inches above her knee, but did not go straight down in front of the station, but passed under the sill of the building, and she fell forward upon the cinder platform, which was practically level and un-

obstructed in front of the station; that appellee took passage on said train at about 12.58 o'clock p. m., and went to and returned from Chicago on the same day.

There is no dispute on the law of this case, but appellants contend that the facts found by the jury in answer to the interrogatories are in irreconcilable conflict with the general verdict; that the trial court erred in refusing to render judgment thereon in their favor.

2.      The general verdict finds every material and issuable fact in favor of the prevailing party.

In passing upon the question presented, we are to consider all the facts provable under the issues and to entitle appellants to judgment on the answers to the inter-

3.      rogatories notwithstanding the general verdict, the facts found by the special verdict must not only contradict those found by the general verdict, but must be in irreconcilable conflict therewith.

All reasonable presumptions are indulged in favor of the general verdict, and nothing is presumed in favor of a special finding. Nevertheless, if it appears from the

4.      answers to the interrogatories that an essential averment necessary to plaintiff's recovery is clearly found against the plaintiff, the general verdict cannot stand, for it is thus shown to be unsupported by a material fact which must be found in plaintiff's favor to sustain the judgment.

It is contended that the finding that appellee's foot and limb went down below the top of the platform to a depth of four inches above her knee is an impossible finding,

1.      in view of the other facts found by the special verdict in regard to the platform and its supports. The jury also found that her foot passed under the sill of the building, and did not go straight down in front of the door, as contended by appellants' counsel.

Findings are to be reasonably construed and must all be considered together to ascertain their true meaning and effect. When so considered, the findings in regard to ap-

pellee's foot and limb are not improbable or impossible, nor are they in contradiction of the findings as to the character and construction of the platform. The substructure was sand, and sloped downward from the inside edge of the sill toward the center of the building. Considering the character of the platform and its sandy foundation, in connection with the slope of the surface, the raising of the building and the removal of the board platform, it is not unreasonable or improbable that appellee's limb passed downward and backward under the building, as found by the jury.

The general verdict finds the same fact, except as to the exact depth to which appellee's limb went downward, for it is averred in the complaint that her foot and limb went into the excavation under the building, and threw her violently to the platform.

It is contended by appellant that the jury found that the surface of the ground in front of the door and extending two feet back under the building was level with the sill. There is one answer, considered separately, in which the fact seems to be so stated, though the question is somewhat ambiguous, but considering the interrogatories and answers immediately following, we find that when asked to "describe fully the condition of the surface of the ground    *    *    * under the southwest part of the waiting-room, extending to the center of the waiting-room east and north," the jury wrote in answer thereto: "Sloping north from inside edge of sill to center of building." The latter answer is definite, clear and free from ambiguity, so that all doubt is removed as to the fact that the surface sloped downward from the inside edge of the south sill toward the center of the waiting-room.

The Lake Shore & Michigan Southern Railway Company filed a separate motion for judgment on the interrogatories notwithstanding the general verdict, asserting that

5.  the facts found show that all the work done in connection with the moving of the station was performed

by employes of the New York, Chicago & St. Louis Railroad Company. This is true, but the jury also found that although not actually participating in the work, the Lake Shore & Michigan Southern Railway Company had control over it. This, in connection with its use of the station, is sufficient to hold the company liable as a joint tort feasor.

Fairly construed, the answers to the interrogatories are not in serious conflict with the general verdict. Some of them are in a measure contradictory, but this is only found to be the case where the questions are ambiguous or complicated. To the extent that the answers are contradictory, they nullify each other and have no effect upon the general verdict. Upon the essential facts of appellee's case, there is little, if any, conflict between the special and the general verdict. The answers may reasonably be reconciled with the general verdict, and considering the evidence permissible under the issues, the motion for judgment on the answers to the interrogatories was properly overruled. The judgment is therefore affirmed.

Ibach, P. J., not participating.